UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIO LASHUN HANKINS a.k.a. Demar-Lashun Bey,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. BRYANT, Director, et. al.,<br><br>Defendants. | Case No.: 23cv0064 JAH-BGS<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On January 12, 2023, Plaintiff, Demario Hankins[1], filed a document on a complaint form in which he lists William J. Bryant, Director, Richard Turner, District Clerk, Jeffie Walker, Warden, and Penny Kilcrease, Circuit Clerk as defendants along with a motion for leave to proceed *in forma pauperis* and a motion to lodge evidence. *See* Doc. Nos. 1-3. The heading "COMPLAINT" is crossed-out and "NOTICE OF REMOVAL" is handwritten above. Upon review of the document, it is not entirely clear if Plaintiff sought to remove a pending criminal action to this Court or file a new civil action against the named defendants. *See* Doc. No. 1.

---

[1] While Plaintiff lists his name as "demar-lashun:bey", all documentation involving his criminal action attached to his filing lists his name as "Demario Lashun Hankins".

1

In section II of the form entitled "STATEMENT OF CLAIM" Plaintiff refers to attached documents relating to a criminal action in the Circuit Court of Miller County, Arkansas entitled *State of Arkansas v. Demario L. Hankins*. He alleges video evidence of an altercation with a prison guard which resulted in the criminal action demonstrates the guard falsified his statement. He alleges he served "both administrative agencies" notices and contends they continue to violate his right to due process and fail "to show jurisdiction exists on the record in order to commence their proceedings." Doc. No. 1 at 2. He further alleges he was held at Miller County Jail in "involuntary servitude and forced slavery". *Id*. Additionally, he alleges jail staff put another inmate in "the hole" with him to cause conflict, and denied him religious meals and access to the ER.

On the cover page for his filing, Plaintiff asserts the action involves a federal question, he notes he is a non-resident and he refers to criminal cases filed in Arkansas.

## I. Removal is Improper

To the extent Plaintiff sought to remove his pending criminal case to federal court, removal is not proper. Pursuant to 28 U.S.C. section 1443,

> criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal of criminal prosecutions under section 1443 is restrictive and limited to matters where the party seeking removal demonstrates he or she (1) "asserts, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of*

*Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia v. Rachel*, 384 U.S. 78, 788-792(1966); *Greenwood v. Peacock*, 384 U.S. 808, 824-827 (1966)).

Plaintiff's criminal proceedings are pending in Texarkana, Arkansas, not within the Southern District of California. Furthermore, he fails to assert racial civil rights as a defense to the prosecution or that the state court will not enforce the right. Accordingly, removal to the Southern District of California is improper.

## II. Civil Rights Complaint

The allegations contained in Plaintiff's filing suggest he may be seeking to assert a civil action against the defendants for violations of his civil rights. However, the Court finds the case lacks proper venue.[2] 28 U.S.C. section 1391(b) provides, in relevant part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiffs does not assert any defendant resides within the Southern District of California and, according to his allegations, the events giving rise to his action occurred in Texarkana, Arkansas. Therefore, venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. § 83(b) and not in the Southern District of California pursuant to 28 U.S.C. § 84(d). The Court finds a lack of any cognizable legal basis to transfer the case to a district in which it could have been brought. Thus, the interest of just does not warrant transfer to the Western District of Arkansas.

---

[2] A court may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Because the complaint is subject to dismissal for improper venue, Plaintiff's motion to proceed in forma pauperis and motion to lodge evidence are denied as moot,

### III.  CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED

1. The action is **DISMISSED without prejudice**;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**;
3. Plaintiff's motion to lodge evidence (Doc. No. 3) is **DENIED**.

DATED:   February 27, 2023

_____
JOHN A. HOUSTON
United States District Judge